IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brooks Hampton Templeton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:25-cv-12896-BHH |
| | ) | |
| The Town of Mount Pleasant; | ) | **ORDER** |
| Cooper Upson in his individual | ) | |
| and official capacities; and Mark | ) | |
| Arnold in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Brooks Hampton Templeton ("Plaintiff" or "Templeton") filed his initial complaint against Defendants The Town of Mount Pleasant ("the Town"); Cooper Upson in his individual and official capacities ("Upson"); and Mark Arnold in his individual and official capacities ("Arnold") (collectively, "Defendants") in September of 2025 in the Charleston County Court of Common Pleas.  (ECF No. 1-1.)  On October 9, 2025, Defendants removed the action to this Court based on federal question jurisdiction.  (ECF No. 1.)  Plaintiff then filed an amended complaint against Defendants on November 6, 2025, asserting the following claims: (1) malicious prosecution under 42 U.S.C. § 1983; (2) malicious prosecution under state law; (3) invasion of privacy; (4) false imprisonment and arrest under 42 U.S.C. § 1983; (5) substantive due process violation under 42 U.S.C. §1983; (6) procedural due process violation under 42 U.S.C. § 1983; (7) "Due Process *Brady* and *Monell*" claims under 42 U.S.C. § 1983; (8) unlawful seizures under 4 U.S.C. § 1983; (9) supervisory liability under 42 U.S.C. § 1983 against Arnold in his individual capacity; (10) "*Monell* Liability & Official Capacity Liability" under 42 U.S.C. § 1983 against

Defendants Arnold and Upson in their official capacities; (11) negligent supervision, negligent training, and negligent hiring pursuant to the South Carolina Tort Claims Act ("SCTCA") against the Town; (12) negligence and gross negligence pursuant to the SCTCA against all Defendants; (13) intentional infliction of emotional distress ("IIED"); (14) violation of the First Amendment right to freedom of speech under 42 U.S.C. § 1983; (15) punitive damages against Defendants Upson and Arnold in their individual capacities; (16) and attorney's fees and costs pursuant to 42 U.S.C. § 1988.  (*See* ECF No. 13.)

On December 11, 2025, the Town filed a motion to dismiss Plaintiff's claims against it.  (ECF No. 24.)  Plaintiff filed a response in opposition but did not request leave to amend at that time.  (ECF No. 25.)  The Town filed its reply on January 2, 2026, and the matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).  (ECF No. 30.)

On February 25, 2026, the Magistrate Judge issued a report and recommendation ("Report"), carefully outlining the issues and recommending that the Court grant in part and deny in part the Town's motion to dismiss.  (ECF No. 34.)  Specifically, the Report recommends that the Court grant the Town's motion as to Plaintiff's § 1983, malicious prosecution, IIED, invasion of privacy, and negligence/gross negligence claims against it, and that the Court deny the Town's motion as to Plaintiff's claim for negligent supervision, negligent training, and negligent hiring against it. (*See id.*)

On March 11, 2026, both Plaintiff and the Town filed written objections to the Magistrate Judge's Report.  (ECF Nos. 35, 36.)  On March 25, 2026, Plaintiff filed a reply to the Town's objections.  (ECF No. 39.)  Also on March 25, Plaintiff filed a motion for leave to file a second amended complaint along with a proposed amended complaint.  (ECF Nos.

38, 38-1.)

According to Plaintiff's motion to amend, his proposed second amended complaint "includes additional facts and allegations pertaining to newly reported information concerning the Town of Mount Pleasant's police officer training" and "includes additional facts and allegations to support his existing causes of action to resolve issues raised by the magistrate judge in his report and recommendation [ ] and to facilitate resolution of this matter on its merits, as the law favors." (ECF No. 38 at 1.) No party filed a response in opposition to Plaintiff's motion.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). To deny a motion to amend for futility, the amendment must be "clearly insufficient on its face." *Oroweat Foods Co.*, 785 F. Supp. 2d at 819. "[A] motion to amend a complaint is futile if the proposed claim would not survive a motion to dismiss." *Dowdle v. Mueller*, No. 4:25-cv-12630-JFA-TER, 2026 WL 2117345, *2 (D.S.C. July 23, 2026) (citing *Brown v. First Advantage Background Servs. Corp.*, No. 1:23-cv-195, 2023 WL 7033908, *1 (M.D.N.C. Oct. 26, 2023)).

Here, after a careful review of the entire record and in the absence of any opposition, the Court finds it in the interests of justice and efficiency to grant Plaintiff leave

3

to file his second amended complaint. As an initial matter, the Court notes that Plaintiff's motion is timely and was submitted prior to the deadline for seeking amendment. Additionally, the Court notes that Plaintiff does not seek to add any parties or to assert any new claims.[1] Rather, it is clear that Plaintiff seeks to amend, in part, based on relevant facts that were discovered after he filed his first amended complaint, and that Plaintiff seeks to amend to clarify his allegations in response to the Magistrate Judge's findings. It does not appear that granting leave to amend will cause prejudice at this stage in the litigation; nor does it appear that Plaintiff has acted in bad faith. Furthermore, the Court does not find Plaintiff's proposed amendment futile, as the second amended complaint would appear to resolve the pleading deficiencies identified by the Magistrate Judge in his Report. Indeed, this Court is ever mindful that, when assessing a complaint's sufficiency, courts "assume as true all of its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 253 (4th Cir. 2009)). Accordingly, the Court grants Plaintiff's motion to amend.

## CONCLUSION

Based on the foregoing, the Court grants Plaintiff's motion for leave to file a second amended complaint (ECF No. 38). The Court also finds that the filing of Plaintiff's second amended complaint will render moot both the Town's motion to dismiss Plaintiff's first amended complaint (ECF No. 24) and the Magistrate Judge's Report (ECF No. 34).

---

[1] As the Magistrate Judge explained in the Report, Plaintiff does not contest the dismissal of his malicious prosecution and IIED claims against the Town, and Plaintiff's proposed second amended complaint does not include these claims against the Town. (*See* ECF Nos. 34 at 9; 38-1 at 27, 52 (asserting malicious prosecution and IIED claimas against Defendants Arnold and Upson only).

**IT IS SO ORDERED.**

/s/ Bruce H. Hendricks
United States District Judge

August 12, 2026
Charleston, South Carolina